1
2
3
4
5
6
7
8
9
10
11
12
13

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET SCOTT,<br><br>          Plaintiff<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>          Defendant. | Case No. 5:14-cv-429 (GJS)<br><br>**MEMORANDUM OPINION AND ORDER** |

## INTRODUCTION

This social security appeal raises one issue: did the administrative law judge ("ALJ") rely on a permissible basis to determine Scott, the claimant, not to be completely credible?  In her portion of the joint stipulation, after attacking one boilerplate statement in the ALJ's credibility determination (without considering its context), Scott describes two allegedly improper bases for the very credibility determination she says the ALJ gave no reason for.  In response, the Commissioner

identifies five separate grounds for the ALJ's credibility finding, to which Scott replies with completely unresponsive boilerplate.  To affirm, the Court need only conclude that the ALJ's credibility determination was based on a clear and convincing reason supported by substantial evidence.  As the Commissioner has provided at least three bases that Scott does not appear to dispute, it is hardly difficult to do so.  For the reasons that follow, the Court AFFIRMS the decision of the Commissioner to find Scott not disabled.

## FACTUAL BACKGROUND

### I.      Procedural History

On November 19, 2012, Janet Scott filed applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act.  [AR 151-53, 155-62.]  Specifically, Scott claimed that, as of January 1, 1983,[1] she suffered from the following impairments: sickle cell anemia, bad back, chronic headaches, and memory loss.  [AR 156.]

After the Social Security Administration denied the applications [AR 60-79], Scott sought a hearing before an ALJ.  [AR 82-83.]  On November 5, 2013, the ALJ held a hearing.  [AR 22-41.]  Thirteen days later, the ALJ issued an opinion finding Scott not to be disabled.  [AR 7-21.] The Appeals Council denied review, and Scott appealed to this Court.  [AR 1-3.]

### II.     The ALJ's Opinion

After a hearing, the ALJ applied the sequential evaluation process to find Scott not disabled.  *See* 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).[2]  At step one,

_____

[1] Although Scott initially sought disability insurance benefits from 1983, she changed her position and abandoned any claim to disability benefits prior to November 12, 2012.  [AR 10, 27.]

[2] To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry.

2

the ALJ found that Scott "has not engaged in substantial gainful activity since November 12, 2012, the application date." [AR 12.] At step two, the ALJ concluded that Scott "has the following severe impairments: sickle cell trait and degenerative joint disease of the spine." [*Id.*] The ALJ also found that Scott's asthma, to the extent the condition exists, is a non-severe condition. [AR 12-13.] At step three, "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]" [AR 13.] At step four, the ALJ determined that Scott had a "residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except [that] the claimant is limited to simple, routine tasks in a non-public environment." [*Id.*] Then, the ALJ found that Scott had no past relevant work, that she was "closely approaching advanced age," "has at least a high school education[,] and is able to communicate in English." [AR 16.] At step five, the ALJ concluded that Scott could perform the positions of "garment bagger" and "shoe packer" and that those positions were available in the national economy. [AR 17.]

---

20 C.F.R. §§ 404.1520, 416.920. The steps are as follows: (1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two; (2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three; (3) Does the claimant's impairment meet or equal the requirements of any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four; (4) Is the claimant capable of performing his past work? If so, the claimant is found not disabled. If not, proceed to step five; (5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled. 20 C.F.R. §§ 404.1520(b)-(g)(1) & 416.920(b)-(g)(1).

3

## GOVERNING STANDARDS

### I.      General Standard

Under 42 U.S.C. § 405(g), the Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. *See Carmickle v. Comm'r*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

### II.     Standard for ALJ Credibility Determinations

As a preliminary matter, the Commissioner contests the appropriate standard of reviewing an ALJ's credibility determination. [*See* Dkt. 25 ("Jt. Stip.") at 14 n.4.] Specifically, the Commissioner argues that the "clear and convincing reasons" standard is contrary to "the extremely deferential 'substantial evidence' standard of review prescribed by Congress" in 42 U.S.C. § 405(g). [Jt. Stip. at 14 n.4.] That argument has been foreclosed in *Garrison v. Colvin*, 759 F.3d 995, 1015 n.18 (9th Cir. 2014) and *Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014), and again this month in *Brown-Hunter v. Colvin*, No. 13-15213, -- F.3d --, 2015 WL 4620123, at *5 (9th Cir. Aug. 4, 2015).[3] Accordingly, "[w]here, as here, an ALJ concludes that a claimant is not malingering, and that [he] has provided objective medical evidence

---

[3] The Court offers its view that the "clear and convincing reason" standard is applied harmoniously with the "substantial evidence" standard in a two-step inquiry: First, is the *reason* given by the ALJ a clear and convincing reason? If the reason is clear and convincing (e.g., internal inconsistencies, conflict with daily activities, etc.), then the Court determines whether that reason is supported by substantial (not clear and convincing) *evidence*. The Court's outcome here would not differ if it required the Commissioner to provide clear and convincing evidence supporting the ALJ's rejection of Scott's credibility.

4

of an underlying impairment which might reasonably produce the pain or other symptoms alleged, the ALJ may 'reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so.'" *Brown-Hunter*, 2015 WL 4620123, at *5 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).  "The ALJ may consider many factors in weighing a claimant's credibility, including (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Tomasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *see also Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (explaining that acceptable bases for credibility determination include (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between her testimony and conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition).

## DISCUSSION

### I.     The ALJ's Opinion Includes Specific Reasons for Finding Scott Not to Be Credible.

Scott's first challenge is that the ALJ did not provide specific reasons for rejecting Scott's testimony about her symptoms.  "[T]o ensure our appellate review is meaningful, … we require the ALJ to 'specifically identify the testimony [from a claimant] she or he finds not to be credible and ... explain what evidence undermines the testimony.'" *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (quoting *Holohan v. Massanari,* 246 F.3d 1195, 1208 (9th Cir. 2001)).  Accordingly, "[g]eneral findings are insufficient."  *Id.* (quoting *Lester v. Chater*, 81

F.3d 821, 834 (9th Cir. 1995)).  And as the Ninth Circuit held in *Treichler*, "boilerplate statement[s]" and "introductory remark[s]," *without more*, "fall short of meeting the ALJ's responsibility to provide 'a discussion of the evidence' and 'the reason or reasons upon which' his adverse determination is based." *Id.* at 1103.[4]

Here, Scott claims that the ALJ violated his duty to provide specific reasons because the ALJ, according to Scott, gave only the following boilerplate:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, his statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

[Jt. Stip. at 8 (quoting AR 14).] And this Court might agree, if that were the only thing the ALJ said about Scott's credibility.

But, as Scott's own portion of the joint stipulation acknowledges, the ALJ *did* provide specific reasons for finding Scott not to be credible.  Indeed, the ALJ gives an example immediately following the boilerplate that Scott complains of:

> **For example**, at the hearing, the claimant testified that she had very limited activities of daily living.  She stated that she does very little around the house and that she spends her days watching television and taking her medications.  Further, she alleged she cannot babysit her grandchildren and that she no longer drives because she cannot sit for long periods or lift her leg to press the pedals.  *Even if the claimant's daily activities are truly as limited as alleged, it is difficult to attribute that degree of*

---

[4] Relevant here, the Ninth Circuit explained in *Treichler* that "after making [a certain boilerplate statement, the ALJs typically identify what parts of the claimant's testimony were not credible and why." *Treichler*, 775 F.3d at 1103.  Thus, it is fair to say that there is no black letter rule against using boilerplate prefatory statements, so long as those statements are elucidated.

> *limitation to the claimant's medical condition, as*
> *opposed to other reasons, in view of the medical*
> *evidence. This suggests either that the limited range of*
> *daily activities is a lifestyle choice and not due to any*
> *established impairment or that the claimant is attempting*
> *to minimize her activities of daily living to portray more*
> *severe functional limitations to increase the chances of*
> *obtaining benefits.*

[AR 14 (emphasis added).]  And the ALJ's credibility analysis continues with a discussion of her sporadic work history and, as a supplemental reason, that her credibility was "also diminished because [her] allegations are greater than expected in light of the objective evidence of record."  [*Id.*]

Scott's own brief further undercuts her position.  Despite claiming that the opinion does not present specific reasons for discounting her testimony, Scott identifies—and attempts to negate—some of the ALJ's stated reasons.  [*See, e.g.*, Jt. Stip. at 9 ("It also appears that the ALJ simply rejects Ms. Scott's testimony based on a belief that the testimony is not credible because it lacks support in the objective medical evidence."); *id.* at 10 ("Finally, despite discussing Ms. Scott's ability to perform some sporadic activities, the ALJ does not demonstrate how those activities are inconsistent with the claim of disability.").]  Allegedly bad reasons are still reasons, after all.  Accordingly, the ALJ provided reasons for the credibility determination.

## II.     The ALJ's Opinion Provides At Least One Clear and Convincing Reason for the Credibility Determination.

The next question is whether the ALJ properly found Scott not to be entirely credible.  Because there is no allegation of malingering and the ALJ found that "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms" [AR 22], the ALJ's reasons must be clear and convincing.  *Brown-Hunter*, 2015 WL 4620123, at *5.  Even if "the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony," if he "also

7

provided valid reasons that were supported by the record," the ALJ's error "is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'"  *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195-97 (9th Cir. 2004)).

The Commissioner presents five defenses of the ALJ's credibility determination. The Court finds that the ALJ's reliance on Scott's limited work history was a clear and convincing reason to reject Scott's credibility, and accordingly, does not address the others.[5]

An ALJ may properly consider a claimant's poor or nonexistent work history in making a negative credibility determination.  *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) ("The ALJ may consider at least the following factors when weighing the claimant's credibility: … '[her] work record …'"); *see, e.g.*, *Aarestad v. Comm'r of Soc. Sec.*, 450 Fed. App'x. 603, 604 (9th Cir. 2011) (unpublished) (affirming ALJ's determination of claimant's testimony as partially not credible where claimant "worked only sporadically before the alleged onset of disability (which suggests that her decision not to work was not based on disability)"); *Burkstrand v. Astrue*, 346 Fed. App'x. 177, 179 (9th Cir. 2009) (unpublished) ("limited work history" negatively impacted credibility).

Here, the ALJ found that "[t]he record also shows the claimant only worked sporadically in the remote past" and that "the claimant's limited work history before the alleged disability onset date raises questions as to whether the claimant's current

_____

[5] Although the Court does not engage in an exhaustive analysis of the other reasons proffered by the ALJ here, the Court's review discerns no error in other credibility determinations made by the ALJ.  For example, the ALJ could reasonably have concluded that Scott's daily activities were inconsistent with her claims of pain. And certain other credibility determinations are permissible as supplemental, such as the lack of supporting objective evidence.

8

unemployment is actually the result of [her] medical problems." [AR 14.] The ALJ relied on the DISCO DIB Insured Status Report, which reflects extremely limited earnings for sporadic years between 1980 and 1998, and no earnings between 1999 and 2013. [AR 165.] The ALJ was entitled to determine from Scott's pre-disability period work history (or lack thereof) that she lacked motivation to work. Indeed, the Ninth Circuit has expressly approved of an ALJ rejecting a claimant's credibility when the claimant's "extremely poor work history" reflecting "little propensity to work in her lifetime"—*i.e.*, where a claimant's "work history was spotty, at best, with years of unemployment between jobs, even before she claimed disability. *Thomas*, 278 F.3d at 959. The ALJ here was entitled to draw precisely the same conclusion from the record here.[6] And for what it's worth, Scott did not say otherwise in her reply in the joint stipulation.

## CONCLUSION

To uphold the ALJ's credibility determination, the Court need only conclude that the ALJ had one clear and convincing reason supported by substantial evidence in the record. *See Carmickle*, 533 F.3d at 1162-63 (finding an error by the ALJ with respect to one or more factors in a credibility determination may be harmless if the ALJ's "remaining reasoning and ultimate credibility determination were adequately supported by substantial evidence in the record" (citing *Batson,* 359 F.3d at 1197)). The Court finds that the ALJ's reliance on the contrast between Scott's work history and the extent of her impairments was one such reason.

_____

[6] Notably, even if the ALJ's credibility determination were erroneous, it is not clear that it would have affected the outcome. The ALJ expressly noted that the opinion "generously accommodated the claimant's subject complaints, including pain, by limiting the claimant to light work with simple, routine tasks in a non-public environment." [AR 15.]

9

1    For all of the foregoing reasons, **IT IS ORDERED** that judgment be entered

2  AFFIRMING the decision of the Commissioner of Social Security and

3  DISMISSING this action with prejudice.

4

5    **IT IS HEREBY ORDERED.**

6

7    DATED: August 25, 2015    _____

8                                                 GAIL J. STANDISH
                                                   UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28